IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL D GRAHAM,<br><br>         **Plaintiff,**<br><br>v.<br><br>GREEN COMPANIES<br>DEVELOPMENT GROUP, INC.,<br>SUSAN GREEN, and<br>BRIAN GREEN,<br><br>         **Defendants.** | Case No. 24-CV-81-SEH-SH |

## OPINION AND ORDER

Before the Court is Defendant Green Companies Development Group, Inc.'s response to the Court's order to show cause why the counterclaims should not be dismissed for lack of subject-matter jurisdiction. [ECF No. 23]. Defendant has not established a sufficient basis for the Court to exercise subject-matter jurisdiction. Therefore, the Court DISMISSES Defendant's counterclaims, [ECF No. 14], without prejudice.

### I.   Background

#### A. Factual allegations

Plaintiff asserts a straightforward, single claim against his former employer and the company's managers, Brian and Susan Green, for an alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. [ECF No. 2]. Plaintiff alleges that he was employed by Defendant from

May 2022 through January 2024, and that he "worked numerous hours in excess of 40 per week," but was not paid overtime. [*Id.* at 1–2].

All three Defendants filed an answer in response to Plaintiff's complaint. [ECF No. 13]. Defendant Green Companies, however, filed counterclaims against Plaintiff, in addition to its answer. [ECF No. 14]. Although Defendant advances multiple legal theories for recovery, the basic factual allegations contained in the counterclaims are relatively straightforward.

First, Defendant alleges that Plaintiff owes it money related to a "non-revenue producing managers apartment" provided to Plaintiff in the course of his employment. [*Id.* at 1–2]. Defendant alleges that Plaintiff was told to vacate the apartment on January 3, 2024, but that he did not vacate the apartment until March 3, 2024. [*Id.* at 2].

Second, Defendant alleges that Plaintiff used a credit card held in the company's name in ways that were contrary to the company's credit card guidelines, which were issued and agreed to by Plaintiff in October 2018. [*Id.*] Defendant alleges that Plaintiff intentionally misrepresented and concealed his credit card use. [*Id.* at 4]. Defendant further alleges that Plaintiff misappropriated funds through his credit card use. [*Id.* at 3–4].

### B. Procedural History

Defendant originally asserted that the Court could exercise diversity jurisdiction over the counterclaims under 28 U.S.C. § 1332. [*Id.* at 1]. Upon

review, the Court entered a show cause order pointing out that the parties were not diverse, and the amount in controversy was less than $75,000. [ECF No. 22]. In response, Defendant abandoned diversity jurisdiction, and pivoted to a supplemental jurisdiction[1] theory under 28 U.S.C. § 1367(a). [ECF No. 23 at 2–6]. Defendant now also argues that the counterclaims are compulsory under Fed. R. Civ. P. 13. [*Id.*]. Plaintiff asserts that the counterclaims are unrelated to the wage issue raised in the Complaint, and Court should not exercise jurisdiction. [ECF No. 24 at 1].

## II. Discussion

Although neither party raised the issue on their own, "[t]he court has an independent duty to inquire into its own subject-matter jurisdiction." *Lusk v. Juniper Residential Management Group, LP*, No. CIV-24-223-F, 2024 WL 967314, at *1 (W.D. Okla. March 6, 2024) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). If a district court finds it lacks subject matter jurisdiction at any time, it must dismiss the action. *Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670, at *1 (10th Cir. May 1, 2024) (unpublished) (citing Fed. R. Civ. P. 12(h)(3)).

---

[1] Defendant uses the term "ancillary jurisdiction," but that term was abandoned when Congress enacted 28 U.S.C. § 1367, which explicitly refers to "supplemental jurisdiction." *Tufaro v. Oklahoma ex rel. Bd. of Regents of University of Oklahoma*, 107 F.4th 1121, 1141 (10th Cir. 2024); *see generally* Wright & Miller, 13 Federal Prac. and Proc. § 3523.1 (3d ed) (June 2024 update).

**A. Supplemental Jurisdiction and Rule 13 Analysis**

In relevant part, the supplemental jurisdiction statute provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims **that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy** under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added). Claims are sufficiently related if they "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Tufaro*, 107 F.4th 1121, 1144 (10th Cir. 2024) (Hartz, J., dissenting in part). Critically, district courts "do not otherwise have jurisdiction to hear pendent state law claims ***but for their intertwinement*** with claims over which they have original jurisdiction." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) (emphasis added).

A district court may also decline to exercise supplemental jurisdiction (*i.e.* dismiss) claims if:

(1)     the claim raises a novel or complex issue of State law,

(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)     the district court has dismissed all claims over which it has original jurisdiction, or

4

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). Ultimately, the decision to exercise supplemental jurisdiction is one of judicial discretion. *Estate of Harshman*, 379 F.3d at 1165 (citing *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997); *Gibbs*, 383 U.S. at 726).

Fed. R. Civ. P. 13(a) requires pleading certain compulsory counterclaims. In relevant part, that rule provides:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:
>
> > (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> >
> > (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).

Plaintiff's claim is narrow. He only alleges that he was not paid overtime under the FLSA. [ECF No. 2]. The counterclaims, in contrast, consist of state law claims for breach of an apartment lease agreement, breach of contract, unjust enrichment, and fraud. [ECF No. 14]. Although the alleged facts in the complaint and counterclaims both involve Plaintiff's employment with Defendant, that is where the similarity ends. Plaintiff's claim involves the number of hours he worked and how he was compensated for that work. Defendant's counterclaims involve whether Plaintiff breached an apartment

lease agreement, and whether he misused a company credit card. Given these differences, the Court cannot say that Plaintiff's claim and Defendant's counterclaims either arise from the same transaction or occurrence or that they "derive from a common nucleus of operative fact." *Tufaro*, 107 F.4th at 1144 (Hartz, J., dissenting in part). For that reason, the counterclaims are not compulsory, and Court lacks supplemental jurisdiction.

### B. Counterclaims and the FLSA

For additional reasons, the Court declines to exercise supplemental jurisdiction over Defendant's counterclaims. In *Donovan v. Pointon*, the Tenth Circuit affirmed a district court's refusal to assert supplemental jurisdiction over "set-offs, counterclaims and third-party complaints" that the defendant employer sought to bring against various employees in an FLSA action. 717 F.2d 1320, 1323 (10th Cir. 1983). The Tenth Circuit found that the action brought by the Secretary of Labor was intended to enforce a public right under the FLSA, and that allowing the counterclaims would "delay and even subvert the whole process." *Id.* at 1323. Other courts recognize that counterclaims like the ones brought by Defendant are disfavored in FLSA cases. *See, e.g., Smith v. City of Sand Springs, Oklahoma*, No. 17-CV-531-JED-FHM, 2018 WL 4494986, at *2 (N.D. Okla. Sept. 19, 2018) (collecting cases).

This case is on a smaller scale than *Donovan*, but it is brought in a similar vein. Plaintiff is seeking specific relief under the FLSA, and Defendant is free to challenge the allegations in the Complaint. Defendant may bring the allegations in its counterclaims, and any additional claims it may have against Plaintiff, in state court. But exercising supplemental jurisdiction over such claims would clutter this case with factually unrelated issues and hinder resolution of the underlying FLSA claim.

Perhaps counterclaims that dealt with issues more closely related to the hours Plaintiff worked and the wages paid (or not paid) to him would fall into the zone of proper supplemental jurisdiction so long as the counterclaims would not otherwise conflict with the FLSA. But the Court is mindful that it has limited jurisdiction. *Rywelski*, 2024 WL 1905670, at *1 (quoting *Becker v. Ute Indian Tribe of Uintah & Ouray Reservation*, 770 F.3d 944, 946–47 (10th Cir. 2014)). Defendant's counterclaims leave the zone of supplemental jurisdiction, and they would delay and subvert resolution of Plaintiff's FLSA claim.

The counterclaims do not arise out of the same nucleus of operative facts or arise out of the same transaction or occurrence as Plaintiff's underlying claim. Exercising supplemental jurisdiction over Defendant's counterclaims would also delay and subvert the process of adjudicating Plaintiff's

7

underlying claim. The Court declines to exercise subject matter jurisdiction over Defendant's counterclaims. *See Smith*, 2018 WL 4494986, at *2–3.

### III. Conclusion

For the reasons stated above, Defendant's counterclaims, [ECF No. 14], are DISMISSED without prejudice.

**IT IS SO ORDERED** this 21st day of August, 2024.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE